UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST BAPTIST CHURCH OF KALAMAZOO;
SANCHITA KISKU

        Plaintiffs,

v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES;
CHAD F. WOLF, Acting Secretary of the
Department of Homeland Security;
KENNETH T. CUCCINELLI, Senior
Official Performing the Duties of the Director
of the United States Citizenship and Immigration
Services; KATHY A. BARAN, Director,
California Service Center

        Defendants.

Case No.

Hon.

---

## INTRODUCTION

1)    Plaintiffs First Baptist Church of Kalamazoo (herein "FBC") and Sanchita Kisku (herein "Kisku") hereby file this complaint pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq. (herein "APA") to challenge the denial of their Form I-129, Petition for a Nonimmigrant Worker. Defendant United States Citizenship and Immigration Services (herein "USCIS") and the other Defendants, acting on behalf of USCIS, in clear disregard of their own regulations, erroneously denied Plaintiffs' petition to extend an R-1, nonimmigrant religious worker visa. Plaintiffs seek a declaration that Defendants' decision violated the APA because it was arbitrary,

capricious, an abuse of discretion, unsupported by substantial evidence or otherwise not in accordance with the law; in excess of statutory jurisdiction, authority, or limitations or short of statutory right; or without observance of procedures required by law. As a result of Defendants' improper acts, the Court should order Defendants to reopen and reconsider Plaintiffs' petition.

## JURISDICTION

2) This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 2201, as this is a civil action seeking, in addition to other remedies, a declaratory judgment.

3) The APA provides a waiver of sovereign immunity as well as a cause of action. 5 U.S.C. § 702.

## STANDING

4) The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' improper denial of Plaintiffs' Form I-129 has adversely affected Plaintiffs' ability to maintain their employment relationship and pursue their religious mission. Plaintiffs thus fall within the APA's standing provisions.

## VENUE

5) Venue is proper under 28 U.S.C. § 1391(e)(1) because a substantial part of the events or omissions giving rise to this claim occurred in this district, Plaintiffs reside in this district and no real property is involved in this action.

## PARTIES

6) Plaintiff FBC is a historic church in downtown Kalamazoo, Michigan that has been in existence since 1836. Its current church building was erected in 1853.

7) Plaintiff Kisku is a national and citizen of India. In 2009, she obtained a Master's of Theology degree from the Lutheran School of Theology at Chicago and in 2014 she obtained a Ph.D. in World Christianity and Mission at the same institution. In 2016, she was ordained at the Kathwood Baptist Church in Columbia, South Carolina. She participated in a Clinical Pastoral Education residency program at Bronson Methodist Hospital in Kalamazoo, Michigan from August 2016 through February 2017. She was approved on August 16, 2017 for an R-1 nonimmigrant religious worker visa based on a petition by FBC.

8) Defendant USCIS is a component agency within the Department of Homeland Security and is responsible for the administration and enforcement of the Immigration and Nationality Act. Among its duties, USCIS is responsible for adjudicating applications and petitions such as Form I-129, Petition for a Nonimmigrant Worker.

9) Defendant Chad F. Wolf is the Acting Secretary of the United States Department of Homeland Security (DHS). The Homeland Security Act of 2002,

Pub.L.107-296, created DHS to perform the duties of the former Immigration and Naturalization Service. Acting Secretary Wolf's responsibilities are set forth in 8 U.S.C. §§ 1103(a)(1)-(3), among which are: to administer and enforce the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens; to control, direct and supervise all employees; to establish such regulations, issue such instructions and perform such other acts deemed necessary for carrying out his authority; and to require any employee of USCIS to perform or exercise any of the powers, privileges or duties conferred or imposed by the Act or regulations issued thereunder. Mr. Wolf is sued in his official capacity.

10) Kenneth T. Cuccinelli is the senior official performing the duties of the Director of USCIS. Pursuant to section 451 of the Homeland Security Act, Defendant Cuccinelli administers the provisions of the Immigration & Nationality Act through his agents and officials of USCIS. He oversees the operations of personnel of USCIS, who adjudicate visa petitions filed by or on behalf of foreign nationals. Mr. Cuccinelli is sued in his official capacity.

11) Kathy A. Baran is the Director of USCIS's California Service Center. She has authority to adjudicate I-129 petitions such as the one in dispute here. Ms. Baran is sued in her official capacity.

## FACTUAL ALLEGATIONS

12) Plaintiffs incorporate by reference the preceding paragraphs as though set forth fully herein.

13) On February 2, 2017, FBC filed an I-129 Petition for a Nonimmigrant Worker with USCIS seeking permission to employ Kisku as an R-1 nonimmigrant religious worker. The petition stated that FBC would provide Kisku compensation of $25,000 a year plus housing.

14) The petition was approved by USCIS on August 16, 2017 and was valid until August 10, 2019.

15) Promptly upon receiving notification of the above referenced approval, FBC and Kisku commenced their employment relationship. Specifically, FBC employed Kisku as an Associate Pastor for Pastoral Care.

16) FBC is a church of modest means. To quote its website "like many older, downtown churches, First Baptist has struggled in recent decades. In fact, declining attendance and growing operating deficits brought the church to the brink of closing in January 2015. The church, however, voted to spend its accumulated funds to do something new and different. This led to the hiring of Rev. Dr. David L. Nichols and a bold plan to share the building with nonprofit organizations. In the following months, some amazing things have happened."[1] While FBC continues to operate at its historic location, rising maintenance costs, decreasing membership and other factors lead to a

---

[1] https://www.fbckazoo.org/OurStory.php (last accessed on 07/08/2020).

decision earlier this year to transfer the ownership of the physical building to the Kalamazoo Nonprofit Advocacy Coalition.[2]

17) In September 2017, FBC decided to employ Kisku up to 36 hours per week, pay her $8.90 per hour and assist Kisku in finding a family that is a member of the church to provide suitable housing. Kisku consented to this arrangement and was paid and housed (without payment of rent) accordingly.

18) In October 2018, FBC decided to employ Kisku 40 hours per week, pay her $12.00 per hour and continue the housing arrangement. Kisku consented again and was paid and housed (without payment of rent) accordingly.

19) Ultimately, FBC decided to increase Kisku's salary to $25,000 and continue the housing arrangement.

20) On March 21, 2019, without being represented by a lawyer, FBC filed a new I-129 to extend Kisku's R-1 visa status. The extension petition included, among other items, documentation memorializing the above described decisions regarding Kisku's wages and housing, Kisku's W2 forms for 2017 and 2018 and related tax documents for these same tax years and a copy of Kisku's pay stubs for each pay period from September 11, 2017 to March 15, 2019.

21) On November 26, 2019, USCIS mailed FBC a "request for evidence" (herein "RFE") signed by Defendant Baran. **Exhibit A**.

---

[2] https://wkzo.com/news/articles/2020/mar/03/first-baptist-church-of-kalamazoo-changing-ownership/990876/ (Last accessed on 07/08/2020).

22)     The RFE notes correctly that the R-1 visa requires employment "at least in a part time position (average of at least 20 hours per week)."

23)     The RFE states that in the initial petition filed on February 2, 2017 FBC "indicated a compensation of $25,000 a year with additional housing provided through the church" but in the extension petition filed on March 21, 2019 the evidence submitted by FBC showed "compensation at a rate less than $25,000 a year… [and that FBC] did not provide housing to the beneficiary as attested. Rather, it was a church member that provided housing to the beneficiary."

24)     There is no obligation under the Immigration & Nationality Act, 8 U.S.C. § 1101, et seq., implementing regulations or other law for religious organizations to provide housing for its R-1 workers.

25)     There is no obligation under the Immigration & Nationality Act, 8 U.S.C. § 1101, et seq., implementing regulations or other law for religious organizations to provide $25,000 per year or any other set amount to its R-1 workers. To the contrary, federal regulations expressly note the possibility of an R-1 worker being paid only the federal minimum wage. *Special Immigrant and Nonimmigrant Religious Workers*, 73 Fed. Reg. 72286 (November 26, 2008) ("the costs per worker imposed by this rule represent only… 3.1% of the employee's annual salary expense if the religious worker is compensated at the Federal minimum wage of $5.85 per hour for 2,000 hours per year.").

26)     Some R-1 workers, such as those engaged in missionary work, may not be compensated at all. Some religious workers may take a vow of poverty based on their

sincerely held religious belief. Some religious organizations, based on their sincerely held religious belief, do not compensate their ministers and may be entitled to an exemption under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, et seq. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Duke*, 286 F.Supp.3d 1239 (D.N.M 2017).

27) The RFE further states "you did not filed [sic] an amended petition to notify USCIS of the material change in the terms or conditions of employment as specified in the original approved petition."

28) The RFE (and the subsequent decisions to deny the I-129) erroneously treat Kisku as if she were an H-1B visa recipient. The wages of H-1B workers are highly regulated and any change to wages must be reported. See e.g. 8 U.S.C. § 1182(n); *Matter of Simeio Solutions, LLC*, 26 I&N Dec. 542 (AAO 2015). In contrast, employers of R-1 workers are only obligated to report if the worker ""is working less than the required number of hours [20 per week] or has been released from or has otherwise terminated employment before the expiration of a period of authorized R– 1 stay". *Special Immigrant and Nonimmigrant Religious Workers*, 73 Fed. Reg. 72296 (November 26, 2008).

29) At great expense, FBC hired a nationally renowned immigration lawyer, Scott Pollock, to represent them in responding to the RFE. Mr. Pollock, among other cases, represented the American Immigration Lawyers Association as amicus curiae in *Shalom Pentecostal Church v. Acting Sec'y U.S. Dep't of Homeland Sec.*, 783 F.3d 156 (3d Cir. 2015), a case concerning religious worker visas, and as co-counsel in *Rosario v.*

*USCIS*, C15-0813JLR (W.D. Wash. July 26, 2018), a successful nationwide class action concerning employment authorization delays for asylum seekers.

30) Mr. Pollock submitted a 222-page timely response to the RFE. Among other items, Mr. Pollock included time sheets for Kisku from September 2017 through December 2019, W-2s for 2017, 2018 and 2019 (indicating wages of $25,074.54 in 2019), payroll records and paystubs.

31) On June 10, 2020, in decisions signed by Defendant Baran, USCIS denied the I-129. **Exhibits B & C**.

32) The R visa regulations require that "IRS documentation, such as IRS Form W–2 **OR** certified tax returns, must be submitted, if available. If IRS documentation is unavailable, the petitioner must submit an explanation for the absence of IRS documentation, along with comparable, verifiable documentation." *Special Immigrant and Nonimmigrant Religious Workers*, 73 Fed. Reg. 72295 (November 26, 2008) (Emphasis added).

33) FBC provided IRS documentation (W-2s) with its petition filed on March 21, 2019 and provided it again in response to the RFE.

34) While FBC was not required by the regulations or by the RFE to provide certified tax returns, certified tax returns are in undersigned counsel's possession and are available to the Court and Defendants upon request.

35) USCIS, in its June 10, 2020 decision, says that FBC did not provide documentation that was "verifiable [or]… comparable to IRS documentation" (**Ex. B**.)

but this is an erroneous basis for an adverse decision as, explained in paragraph 32, "comparable, verifiable documentation" is only required in the absence of IRS documentation.

36) USCIS further states in its June 10, 2020 decision that FBC "did not notify USCIS of the change in the terms and conditions of employment prior to USCIS pointing out that the beneficiary was paid at a rate less than $25,000 a year as attested on the previous R-1 petition." (**Ex. B**.) As noted at paragraph 28, employers of R-1 workers are only obligated to report if the worker "is working less than the required number of hours [20 per week] or has been released from or has otherwise terminated employment before the expiration of a period of authorized R– 1 stay". *Special Immigrant and Nonimmigrant Religious Workers*, 73 Fed. Reg. 72296 (November 26, 2008). As Kisku maintained her employment relationship and consistently worked more than 20 hours per week for FBC, no obligation to notify USCIS arose; the purported failure to provide such notification is an erroneous basis for an adverse decision and completely disregards USCIS's own regulations. Moreover, it must be noted, that the source of USCIS's information regarding the change in the terms and conditions of employment came from FBC itself, not in response to the RFE or any other investigation, but voluntarily in papers submitted with its March 21, 2019 petition. Any insinuation that FBC hid information, failed to fulfill an obligation to report information or lied to USCIS is completely unsupported.

37) USCIS's 2nd June 10, 2020 decision states that Kisku "did not maintain the previous accorded R-1 status" (**Ex. C**). USCIS cites no authority (because none exists)

for the proposition that Kisku failed to maintain her status by being compensated less than $25,000 per year or by living in housing provided free of charge by a church member.

## COUNT ONE
### (Violation of the Administrative Procedure Act)

38) Plaintiffs incorporate by reference the preceding paragraphs as though set forth fully herein.

39) Plaintiffs have been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.

40) The documents submitted by Plaintiffs and their counsel established their entitlement to an extension of Kisku's R-1 visa status.

41) Defendants denial of Plaintiffs' March 21, 2019 petition is based on their erroneous disregard of their own regulations.

42) Defendants failed to administer the applicable law in conformance with Congressional intent.

43) Defendants acted arbitrarily, capriciously or contrary to law in violation of the Administrative Procedure Act by denying Plaintiffs' I-129.

44) Plaintiffs have no other recourse to judicial review other than by this action.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request that this Court grant the following relief:

(A) Declare Defendants' denial of Plaintiffs' I-129 to be in violation of the Administrative Procedure Act;

(B) Order Defendants to immediately reopen and re-adjudicate the I-129;

(C) Award reasonable costs and attorney fees under the Equal Access to Justice Act, 5 U.S.C. § 552(a)(4)(E) or any other applicable law; and

(I) Grant such further relief as the Court deems just and proper.

Dated: July 9, 2020                Respectfully Submitted,

/s/ Marc Asch (P75499)
The Law Office of Marc Asch
137 N. Park St., Suite 201B
Kalamazoo, MI 49007
(617) 653-8184
marc.a.asch@gmail.com
Attorney for Plaintiffs